UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yehuda Spira, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br>-v.-<br>Genpact Services LLC and<br>John Does 1-25,<br><br>Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff Yehuda Spira (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Genpact Services LLC (hereinafter "Defendant Genpact"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland, residing at 5 Surrey Ct, Airmont, NY.

8.      Genpact Services LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at PO Box 1969, Southgate, MI.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Genpact sent an initial collection letter attempting to collect a consumer debt;

   c. that deceptively stated that the IRS may be notified for any discharge of debt, rather than specifying that notification is only necessary for principal, not interest;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to June 29, 2018, an obligation was allegedly incurred to Synchrony Bank.

22. The Synchrony Bank obligation arose out of transactions in which the funds obtained from the creditor were used primarily for personal, family or household purposes, specifically to extend credit with an Amazon.com credit card.

23. The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Synchrony Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Synchrony Bank contracted with the Defendant Genpact to collect the alleged debt.

26. Defendant Genpact collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – June 29, 2018 Collection Letter*

27. On or about June 29, 2018, Defendant sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Synchrony Bank See Exhibit A.

28. The letter contains a settlement offer.

29. The letter states: "Subject to certain exceptions, Synchrony Bank is required under section 6050P of the Internal Revenue Code, and the regulations thereunder to issue a Form 1099-C **for any discharge** of debt of $600 or more."

30. The letter states that any discharge of debt over $600, whether it is debt due to principal or interest will be reported to the IRS.

31. Pursuant to the Internal Revenue Code section 6050P, indebtedness due to interest is not required to be reported to the IRS.

32. The notice in the letter stating that any discharge of debt may be reported to the IRS is deceptive and misleading to the Plaintiff as it is not true because discharge of interest is not required to be reported.

33. The invocation of the Internal Revenue Service in the Letter only served to scare Plaintiff for fear of tax repercussions and served to overshadow the settlement offer.

34. A statement that serves to confuse a consumer, and can never apply during this collection is clearly deceptive and harmful.

35. Plaintiff incurred a financial risk of harm as he was afraid to take advantage of the settlement amount for fear of tax consequences which were falsely threatened to him.

36. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendants violated said section by making a false and misleading representation in violation of §§ 1692e, 1692e(2), 1692e(5) and 1692e(10).

41. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

44. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

45. Defendants violated this section by unfairly and falsely scaring Plaintiff into believing she would suffer tax penalties if she accepted the settlement offer.

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yehuda Spira, individually and on behalf of all others similarly situated, demands judgment from Defendant Genpact Services LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

*/s/Raphael Deutsch*
Raphael Deutsch
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Tel. 201-282-6500 ext. 101
Fax 201-282-6501
rdeutsch@rclawgroup.com
Federal Bar No. 432798

*Attorneys for Plaintiff*

Dated:  May 8, 2019